**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**YAHOSHUA-YISRAEL:YAHWEH**                                    **PLAINTIFF**

**v.**                                                        **NO.: 3:13CV40-MPM-SAA**

**KEN ADAMS, ET AL.**                                            **DEFENDANTS**

**ORDER**

This cause comes before the court on defendants' motions to dismiss [Doc. 18 and 19]. The plaintiff has responded in opposition. The court, having considered the memoranda submitted and the relevant law, is prepared to rule.

Plaintiff, Yahoshua-Yisrael: Yahweh Ex Relatione Azez Ellis, brings this suit under 42 U.S.C. § 1983 against multiple defendants seeking $250,000,000,000.00 in compensatory damages and $250,000,000,000.00 in punitive damages.[1] The defendants are: Ken Adams, Steve Jubera, John Champion, Bill Rasco, Lent Rice, Jason Mitchell, the State of Mississippi, Desoto County Government, Desoto County Sheriff's Department, and John Does 1-20. Adams, Rasco, Rice, and Mitchell are all members of the Desoto County Sheriff's Department (Desoto defendants along with Desoto County Government and Sheriff's Department). Jubera is an Assistant District Attorney and Champion is the District Attorney for Desoto County (State defendants along with State of Mississippi).

Plaintiff's complaint contains a litany of allegations ranging from RICO Act violations, violations of the Federal Income Tax laws, hate crimes and false arrest, among others, for the search and seizure of his house and property.[2] However, the complaint is riddled with legal

---

[1] The plaintiff is *pro se* and the court liberally construes the complaint and gives deference to the plaintiff in his filings.
[2] The jury was unable to reach a unanimous verdict of guilt beyond a reasonable doubt following plaintiff's arrest and detention for the underlying charges.

conclusions, general principles of inapplicable law, and is void of substantial factual and legal allegations that give rise to a cause of action in this court.[3]

Desoto defendants have filed an answer and affirmative defenses to plaintiff's complaint. Included in defendants' answer is a motion to dismiss plaintiff's federal and state claims. These defendants assert the federal claims should be dismissed because the complaint fails to state a cause of action for which relief may be granted under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and immunity protection. Desoto defendants also assert that the state law claims are barred under the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq*.

The State of Mississippi and John Champion, in his official capacity as District Attorney for Desoto County, filed a motion to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The complaint was filed on February 6, 2013 and Champion was served with the summons and complaint on June 10, 2013. The State was served on June 26, 2013. Each defendant was served after the 120 days allowed by Rule 4(m).

Assistant District Attorney Jubera argues that district attorneys "are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process[.]'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Further, Jubera moves for dismissal due to the claim being too vaguely pled to state a claim against a defendant asserting qualified immunity.

A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint that merely "tenders naked assertions devoid of further factual

---

[3] Due to the nature of plaintiff's complaint and the numerous allegations and factual basis for such, the court forgoes a recital of the applicable facts in this matter.

enhancement" will not suffice under Rule 12(b)(6). *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks, alterations and citation omitted).

The pleadings in this case are not "enough to raise a right to relief above the speculative level" as to all defendants. *Twombly*, at 555. The complaint fails to allege that any state court procedures were either inadequate or arbitrarily denied and the mere absence of a criminal conviction does not grant the plaintiff relief. Further, defendants are immune from liability. Accordingly, all defendants are dismissed with prejudice and a separate order shall be issued pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED this the 19th day of February, 2014.

                                                        **/s/ MICHAEL P. MILLS**
                                                        **CHIEF JUDGE**
                                                        **UNITED STATES DISTRICT COURT**
                                                        **NORTHERN DISTRICT OF MISSISSIPPI**